UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cause Nos. | 1:02-cr-0128-01 (P/F) |
| | ) | | 1:06-cr-0177-01 (P/F) |
| BERNARD BURNETTE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, Judge, on February 15, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on February 11, 2011, and to submit to Judge Pratt proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on March 2, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] Mr. Burnette appeared in person and by appointed counsel, Juval Scott, Office of Indiana Federal Community Defender; the government appeared by Brant Cook, Assistant United States Attorney; and Jason Phillips, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Burnette in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Burnette and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Burnette was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Burnette would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Burnette had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Burnette had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation on February 15, 2011.

7. Ms. Scott stated that Bernard Burnette would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set forth in the Petition. Mr. Burnette waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Burnette, by counsel, stipulated that he committed specification of violations numbered 2 through 5 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The government agreed that it would dismiss specification numbered 1, which was allowed by the Court. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 2 | **"The defendant shall not illegally possess a controlled substance.** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 4 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 5 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On December 8, 2010 Mr. Burnette submitted a urine screen which tested positive for cocaine. On December 16, 2010, he reported to the probation office and was confronted with the positive urine result. Mr. Burnette denied any use of illegal substances, but stated he had handled cocaine. When asked to further elaborate, he said he was in need of money for his children's Christmas presents and sold some cocaine for his cousin. He claims he handled the drug during the distribution process and thus the reason for the positive test.

On January 25, 2011, Mr. Burnette submitted a urine screen which tested positive for marijuana. He again denied using any illegal substances, but had no excuse for the result. The urine test was confirmed by Alere National Laboratory.

The Court placed Mr. Burnette under oath and directly inquired of Mr. Burnette whether he admitted violations of the specifications of his supervised release set forth above. Mr. Burnette stated that he admitted the above violations of his supervised release as set forth above. The Court

now finds there is a basis in fact for his admissions and accepts same. The Court dismissed specification numbered 1.

Counsel for the parties further stipulated to the following:

1) Mr. Burnette has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Burnette constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Burnette is 21-27 months.

4) The parties agree that the appropriate disposition for Mr. Burnette's violation of the conditions of supervised release is:

a. The defendant be sentenced to a period of confinement of 120 days to the custody of the Attorney General or his designee.

b. It is recommended that the defendant be confined at a community corrections facility, namely, the Volunteers of America, in Indianapolis, Indiana, for service of his sentence. He will abide by that facility's rules and regulations and those instituted by the U. S. Parole and Probation Office.

c. Upon completion of his sentence at the Volunteers of America, defendant will be returned to supervision under all conditions imposed at sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Burnette violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Burnette's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 120 days. The Court recommends to the Bureau of Prisons that Mr. Burnette be designated for confinement in a community confinement center, specifically, Volunteers of America, in Indianapolis, Indiana. Upon the conclusion of his confinement, defendant will be subject to the terms and conditions of supervised release imposed at sentencing.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Burnette stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Burnette entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Burnette's supervised release and the sentence imposed of 120 days in the custody of the Attorney General or his designee. Upon release from confinement, defendant will be subject to supervised release imposed at the time of sentencing.

IT IS SO RECOMMENDED this 8th day of March, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brant Cook,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal